(December 14, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD VANDEBOGART, Appellant. [717 NYS2d 692] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 1, 1998, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

While incarcerated on another matter in the Schenectady County Jail, defendant was charged with one count of assault in the second degree and one count of promoting prison contraband in the first degree for allegedly possessing a pointed metal object commonly referred to as a shank. Defendant waived his right to a Grand Jury and agreed to be prosecuted

by a superior court information. At defense counsel's request, County Court ordered a CPL article 730 examination and subsequently determined that defendant was competent to stand trial. Defendant then agreed to plead guilty to promoting prison contraband in exchange for a negotiated disposition and, after conducting a colloquy, County Court accepted the plea. In conjunction with his guilty plea, defendant also executed a waiver forfeiting his right to appeal. County Court subsequently sentenced defendant to the agreed-upon term of 3 to 6 years in prison.

Defendant now appeals, contending that his fitness to proceed to trial was not properly determined because he was examined by only one qualified psychiatric examiner. Absent a proper determination of his capacity, he maintains that County Court could not ascertain that he was knowingly and intelligently entering a guilty plea and waiving his right to appeal.

A competency examination must be undertaken by two qualified psychiatric examiners (see, CPL 730.20). Here, contrary to defendant's contention, the record demonstrates that two qualified psychiatrists examined him and determined that he was capable of understanding the proceedings against him. County Court received a written report from each psychiatrist and, after a colloquy, properly accepted defendant's guilty plea and waiver of appeal.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.